# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-12578 |

## [PROPOSED] ORDER GRANTING PLAINTIFF ROBINHOOD'S MOTION FOR A PRELIMINARY INJUNCTION

On September ___, 2025, this Court heard Plaintiff Robinhood Derivatives, LLC's ("Robinhood") Motion for a Preliminary Injunction against Defendants Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts; Jordan Maynard, in his official capacity as Chair of the Massachusetts Gaming Commission; Eileen O'Brien, in her official capacity as Commissioner of the Massachusetts Gaming Commission; Bradford R. Hill, in his official capacity as Commissioner of the Massachusetts Gaming Commission; Nakisha Skinner, in her official capacity as Commissioner of the Massachusetts Gaming Commission; and Paul Brodeur, in his official capacity as Commissioner of the Massachusetts Gaming Commission (together, "Defendants").

Having considered the parties' briefs, the record in this matter, and the arguments of counsel, the Court finds that Robinhood meets all four requirements for the entry of its

requested injunctive relief.  *First*, Robinhood will likely be able to show that Defendants' threatened enforcement of Massachusetts sports-wagering laws is preempted by the Commodity Exchange Act and the Commodity Futures Trading Commission's regulations pursuant to the Supremacy Clause of the U.S. Constitution.  *Second*, Robinhood is likely to suffer irreparable harm in the absence of preliminary relief in light of the imminent threat of civil penalties and potentially also criminal prosecution, as well as irreparable harm in the form of harm to its reputation and loss of consumer goodwill.  *Third*, the balance of the equities tips in Robinhood's favor; Defendants would suffer little to no harm from entry of the injunction, but Robinhood would be irreparably damaged.  *Fourth*, the public interest favors entry of an injunction because there can be no public interest in enforcing preempted state law.

Accordingly, the Court GRANTS Plaintiff's Motion for a Preliminary Injunction. It is hereby

ORDERED that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, are restrained and enjoined from enforcing against Robinhood Mass. Gen. Laws ch. 23N and any other Massachusetts law that attempts effectively to regulate Robinhood's involvement in transactions involving event contracts traded on a Commodity Futures Trading Commission-designated contract market.

This preliminary injunction shall take effect immediately and shall remain in effect until entry of judgment in this action or further order of this Court.

**IT IS SO ORDERED.**

Dated: _____, 2025 at \_\_\_\_ a.m./p.m.

                                                      _____

                                                      Hon. Richard G. Stearns

                                                      United States District Judge