**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ROBINHOOD DERIVATIVES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-12578 |

**DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE STAY
PROCEEDINGS**

Defendants Andrea Joy Campbell, in her official capacity as the Attorney General of the Commonwealth of Massachusetts, Jordan Maynard, in his official capacity as Chair of the Massachusetts Gaming Commission, Eileen O'Brien, in her official capacity as Commissioner of the Massachusetts Gaming Commission, Bradford R. Hill, in his official capacity as Commissioner of the Massachusetts Gaming Commission, Nakisha Skinner, in her official capacity as Commissioner of the Massachusetts Gaming Commission, and Paul Brodeur, in his official capacity as Commissioner of the Massachusetts Gaming Commission respectfully move to dismiss this action for lack of Article III standing and ripeness under Fed. R. Civ. P. 12(b)(1). Plaintiff Robinhood Derivatives, LLC's ("Robinhood") complaint does not and cannot establish a certainly impending threat of enforcement by the Defendants or a substantial risk of other harm. *Reddy v. Foster*, 845 F.3d 493, 498–99 (1st Cir. 2017); *Blum v. Holder*, 744 F.3d 493, 798–99 (1st Cir. 2014); *see also Penobscot Nation v. Frey*, 3 F.4th 484, 507–09 (1st Cir. 2021),

1

*cert. denied*, 142 S. Ct. 1669 (2022); *O'Neil v. Canton Police Dep't*, 116 F.4th 25, 31 (1st Cir. 2024).

In the alternative, the Court should dismiss (or decline to entertain) Robinhood's veiled declaratory judgment claim because it rests on a federal preemption defense, which does not create a standalone federal cause of action. *Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 233–37 (1st Cir. 1987); *DHL Assocs., Inc. v. O'Gorman*, 6 F.Supp. 2d 70, 80 (D. Mass. 1998). Even if its declaratory judgment claim is actionable, the court should exercise its discretion to deny relief under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1995). The facts of this case also warrant federal abstention under either the *Younger* doctrine, *see Sirva Relocation, LLC v. Richie*, 794 F.3d 185 (1st Cir. 2015), or the *Colorado River* doctrine, *see Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27–30 (1st Cir. 2010). If the Court declines dismissal, it should it enter a short, milestone-tied stay under *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *see also Microfinancial, Inc. v. Premier Holidays Intern, Inc.*, 385 F.3d 72 77 (1st Cir. 2004).

In support of this motion, the Commonwealth submits the accompanying Combined Memorandum In Support of Defendants' Motion to Dismiss or in the Alternative to Stay Proceedings and in Response to Plaintiff's Motion for Preliminary Injunction. A Proposed Order is also submitted hereto as **Exhibit A.**

Respectfully submitted,

ANDREA JOY CAMPBELL
MASSACHUSETTS ATTORNEY
GENERAL

Dated: October 9, 2025

By: _/s/ Joshua R. Edlin_
Alda Chan, BBO # 705204
Louisa E. Castrucci, BBO # 692208
Joshua Edlin, BBO # 715110
Jared Rinehimer, BBO # 684701
M. Patrick Moore, BBO # 670323
Assistant Attorneys General
One Ashburton Place
Boston, Massachusetts 02108

617-963-2525 / alda.chan@mass.gov
617-963-2848 / louisa.castrucci@mass.gov
617-963-2905 / joshua.edlin@mass.gov
617-963-2594 / jared.rinehimer@mass.gov
617-963-7491 / pat.moore@mass.gov

3

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), I hereby certify that Defendants have conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but have been unable to resolve the issues.

*/s/ Joshua R. Edlin*
Joshua R. Edlin

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system on October 9, 2025, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Joshua R. Edlin*
Joshua R. Edlin