UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12578-RGS

ROBINHOOD DERIVATIVES, LLC

v.

ANDREA JOY CAMPBELL, in her official capacity as
Attorney General of the Commonwealth of Massachusetts;
JORDAN MAYNARD, in his official capacity as
Chair of the Massachusetts Gaming Commission;
EILEEN O'BRIEN, in her official capacity as
Commissioner of the Massachusetts Gaming Commission;
BRADFORD R. HILL, in his official capacity as
Commissioner of the Massachusetts Gaming Commission;
NAKISHA SKINNER, in her official capacity as
Commissioner of the Massachusetts Gaming Commission; and
PAUL BRODEUR, in his official capacity as
Commissioner of the Massachusetts Gaming Commission

ORDER ON PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION AND
DEFENDANTS' MOTION TO DISMISS

November 13, 2025

STEARNS, D.J.

Plaintiff Robinhood Derivatives, LLC (Robinhood) filed this action against defendants Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts; Jordan Maynard, in his official capacity as Chair of the Massachusetts Gaming Commission; Eileen O'Brien in her official capacity as Commissioner of the Massachusetts

Gaming Commission; Bradford R. Hill, in his official capacity as Commissioner of the Massachusetts Gaming Commission; Nakisha Skinner, in her official capacity as Commissioner of the Massachusetts Gaming Commission; and Paul Brodeur, in his official capacity as Commissioner of the Massachusetts Gaming Commission (collectively, the Commonwealth), seeking to enjoin enforcement of state gambling laws which Robinhood alleges are preempted by the Commodity Exchange Act. Robinhood moves for a preliminary injunction barring the Attorney General from enforcing state gaming laws against its sports-event related contracts. The Commonwealth cross-moves to dismiss the case. For the following reasons, the court will allow the Commonwealth's motion and deny Robinhood's motion as moot.

## DISCUSSION

The court begins (and ends) its analysis with the issue of ripeness.[1] Federal district courts are not courts of general jurisdiction. They are constrained by Article III, which, among other things, imposes a case or controversy requirement. The ripeness doctrine has its roots in this requirement. *See Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017). It

---

[1] The Commonwealth alternatively moves to dismiss or stay under various abstention doctrines. Given the court's determination that the case is not ripe for a decision, it need not address these arguments.

2

"seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.*, quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).

A claim is ripe if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" judgment. *Lab. Rels. Div. of Constr. Indus. of Massachusetts, Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016), quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). There are two components to this analysis. First, the claim must be "fit for judicial decision at the time the suit is filed," *Lab. Rels. Div.*, 844 F.3d at 326, that is, there must be "a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts," *Reddy*, 845 F.3d at 501, quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013). Second, there must be some risk of "hardship if 'court consideration' is withheld." *Lab. Rels. Div.*, 844 F.3d at 326, quoting *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003). Robinhood, as the party asserting jurisdiction, bears the burden of alleging sufficient facts to satisfy each prong. *Reddy*, 845 F.3d at 501.

Robinhood has not shown that its sole federal claim (under *Ex Parte Young*) is ripe for judicial review.  The Commonwealth has stipulated that it will not file any enforcement action against Robinhood while its motion for a preliminary injunction remains pending in the proceeding brought against Kalshi in the Massachusetts courts.  There thus is no risk that the Commonwealth will engage in the conduct which Robinhood alleges to be unlawful prior to a decision being issued by a state court of competent jurisdiction. Whether there is a risk that the Commonwealth will engage in that conduct *after* the state court rules on the motion depends entirely on what that decision proves to be.  If the state court denies the Commonwealth's motion as unlikely to succeed on the merits, for example, it is unlikely that Robinhood – which currently offers sports-related event contracts exclusively through Kalshi – would face any imminent risk of enforcement.  If the state court instead allows the Commonwealth's motion and enjoins Kalshi from conducting gaming-related business in the Commonwealth, Robinhood would lose its existing Massachusetts sports event platform.  An inability to prospectively engage in the type of conduct that allegedly puts Robinhood at risk of enforcement would render its *Ex Parte Young* claim a nullity.

Robinhood has similarly not shown that it will suffer any hardship if adjudication of its claim is delayed until it ripens. The hardship prong "focuses on 'direct and immediate' harm. It is unconcerned with wholly contingent harm." *Lab. Rels. Div.*, 844 F.3d at 330, quoting *McInnis-Misenor*, 319 F.3d at 73. Here, because the threat of enforcement is (for the reasons discussed above) contingent, any hardship is also necessarily contingent. *See Lab. Rels. Div.*, 844 F.3d at 330 (finding a determination under the first prong that a claim is contingent on future events to "also dictat[e] the outcome as to the second prong" because "the harm to the [plaintiffs] from any delay in having their case adjudicated is necessarily also contingent").

## ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u> and plaintiff's motion for a preliminary injunction is <u>DENIED AS MOOT</u>. The case is dismissed without prejudice for lack of ripeness.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE