THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-12578 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ROBINHOOD'S UNOPPOSED MOTION TO SEAL**

Plaintiff Robinhood Derivatives, LLC ("Robinhood") has moved under Federal Rule of Civil Procedure 26(c) and Local Civil Rule 7.2 to file under seal:  (1) Robinhood's FCM Membership Agreement with KalshiEX, LLC, which is Exhibit A to the Declaration of Adam Hickerson in Support of Plaintiff Robinhood's Renewed Motion for a Preliminary Injunction ("Hickerson Declaration") (ECF No. 91-1); (2) Robinhood's FCM Clearing Member Agreement with Kalshi Klear LLC, which is Exhibit B to the Hickerson Declaration (ECF No. 91-2); and (3) Robinhood's User License Agreement with ForecastEx, LLC, which is Exhibit E to the Hickerson Declaration (ECF No. 91-5).

**ARGUMENT**

Under Federal Rule of Civil Procedure 26, this Court "may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G). Although there exists a "presumptive right to public access" for materials filed in federal court, parties may "overcome the presumption of public access" by "demonstrate[ing] significant countervailing interests, like the existence of trade secrets in the documents or confidential business information."  *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015); *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (recognizing "discretion . . . to abrogate the right of public access where doing so was necessary to prevent judicial records from being . . . 'sources of business information that might harm a litigant's competitive standing'").  A party may "demonstrate that 'good cause' exists" to file a document under seal by "making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal."  *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

1

As set forth in Robinhood's Renewed Motion for a Preliminary Injunction (the "Motion") (ECF No. 89), this suit involves whether Defendants' threatened enforcement of Massachusetts gambling laws is preempted by the Commodity Exchange Act and Commodity Futures Trading Commission ("CFTC") regulations pursuant to the Supremacy Clause of the U.S. Constitution.

Specifically, Robinhood asks the Court to file under seal three non-public, competitively sensitive business agreements with KalshiEX, LLC and Kalshi Klear, LLC (together, "Kalshi") and ForecastEx, LLC ("ForecastEx") that would harm Robinhood, Kalshi and/or ForecastEx if disclosed.  These documents are Robinhood's FCM Membership Agreement with KalshiEX, LLC, Robinhood's FCM Clearing Member Agreement with Kalshi Klear, LLC, and Robinhood's User License Agreement with ForecastEx, LLC, filed as Exhibits A, B, and E respectively, to the Hickerson Declaration (ECF Nos. 91-1, 91-2, and 91-5).  The Court previously granted Robinhood's request to file under seal Robinhood's FCM Membership Agreement with KalshiEX, LLC and Robinhood's FCM Clearing Member Agreement with Kalshi Klear, LLC in connection with Robinhood's initial motion for preliminary injunction (ECF No. 18), and Defendants do not oppose this motion.

Robinhood's agreements with non-parties Kalshi and ForecastEx are commercially sensitive and confidential business agreements, and the parties to those agreements would face substantial harm from public disclosure of the private terms of the agreements.  *See Fed. Nat'l Mortgage Ass'n v. Greenleaf*, No. 2:19-cv-00256-NT, 2020 WL 733847, at *2 (D. Me. Feb. 13, 2020) (granting motion to seal agreement containing "confidential internal business information" which would cause plaintiff and third parties "'economic harm' if . . . made available to the public"); *Am. Well Corp. v. E-Dental Servs., LLC*, No. 24-CV-10517-AK, 2024 WL 1809419, at *1-2 (D. Mass. Apr. 25, 2024) (granting motion to seal information related to "Confidentiality

2

Agreement" protecting "'trade secrets, . . . business or financial information, product and marketing plans, and customer and supplier information"). Public disclosure of these three agreements would allow competitors a glimpse into Robinhood's negotiating strategies, which would likely harm Robinhood's competitive standing. *See Better Way Ford, LLC v. Ford Motor Co.*, No. 2:21-cv-00116-NT, 2023 WL 8702641, at *2-3 (D. Me. Dec. 15, 2023) (granting motion to seal agreement with prospective purchaser "given Defendant's interest in protecting the information from a competitive standpoint"). Disclosure of the agreements could also put Kalshi and ForecastEx at a competitive disadvantage for the same reasons.

Further, these agreements include Robinhood's banking information, which, if revealed, could subject Robinhood to significant harm. *See In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public."); *see also In re Gitto/Global Corp.*, 321 B.R. 367, 376 (Bankr. D. Mass. 2005) (denying motion to seal except with respect to "bank account numbers" as they "may properly be considered confidential information"), *aff'd*, 2005 WL 1027348 (D. Mass. May 2, 2005), *aff'd*, 422 F.3d 1 (1st Cir. 2005); *Contour Data Sols., LLC v. Gridforce Energy Mgmt. LLC*, No. 20-3241, 2024 WL 3994375, at *5 (E.D. Pa. Aug. 29, 2024) ("Courts regularly protect bank account information for a company's financial security.").

## CONCLUSION

For the reasons set forth above, the Court should grant Robinhood's motion to seal.

3

DATED: January 20, 2026

           Respectfully submitted,

           By:   */s/ Nicholas J. Schneider*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Craig Waksler (BBO No. 566087)
cwaksler@eckertseamans.com
Nicholas J. Schneider (BBO No. 688498)
nschneider@eckertseamans.com

2 International Place #1600
Boston, Massachusetts 02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899

**CRAVATH, SWAINE & MOORE LLP**
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
Antony L. Ryan (BBO 629971)
aryan@cravath.com
Brittany L. Sukiennik (*pro hac vice*)
bsukiennik@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff*
*Robinhood Derivatives, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Plaintiff Robinhood's Motion To Seal, together with the Declaration of Nicholas J. Schneider in support thereof, with the Clerk of the Court by using the Court's CM/ECF system, and accordingly served the parties who receive notice of the filing via the Court's CM/ECF system.

                                                  */s/ Nicholas J. Schneider*

                                                  Nicholas J. Schneider