THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBINHOOD DERIVATIVES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-12578 |

## AMENDED STIPULATION OF NON-ENFORCEMENT

Defendants Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts ("Attorney General"), Jordan Maynard, in his official capacity as Chair of the Massachusetts Gaming Commission, Eileen O'Brien, in her official capacity as Commissioner of the Massachusetts Gaming Commission, Bradford R. Hill, in his official capacity as Commissioner of the Massachusetts Gaming Commission, Nakisha Skinner, in her official capacity as Commissioner of the Massachusetts Gaming Commission, and Paul Brodeur, in his official capacity as Commissioner of the Massachusetts Gaming Commission, (collectively, the "Massachusetts Gaming Commission" or "MGC") through undersigned counsel, stipulate as follows:

1. On September 12, 2025, the Attorney General commenced a civil enforcement action against KalshiEX LLC ("Kalshi") in Suffolk Superior Court concerning sports-related event contracts (the "Kalshi enforcement proceedings"). Kalshi subsequently removed the

Kalshi enforcement proceedings to the District Court of Massachusetts. On October 28, 2025, the Kalshi enforcement proceedings were remanded to state court.

2. On January 20, 2026, the Suffolk Superior Court issued its Memorandum of Decision and Order on Preliminary Injunction and Motion to Dismiss, denying Kalshi's motion to dismiss and granting the Commonwealth's motion to enjoin Kalshi from offering sports-related event contracts in the Commonwealth. On February 6, 2026, the Superior Court entered its Order Concerning Preliminary Injunction and Defendant's Motion for a Stay Pending Appeal, which outlines the terms of the injunction against Kalshi and denied Kalshi's motion for stay pending appeal. ECF No. 99. The Superior Court entered the preliminary injunction the same day; Kalshi promptly appealed on the same day as well.

3. Plaintiff Robinhood Derivatives, LLC ("Robinhood") initially filed this action on September 15, 2025, seeking declaratory and injunctive relief regarding the application of Massachusetts law to Robinhood's facilitation, as a "CFTC-registered futures commission merchant," of customers' orders in sports-related event contracts listed and executed on Kalshi's designated contract market.

4. On November 13, 2025, the Court granted the Attorney General's and MGC's motion to dismiss Robinhood's initial complaint.

5. Robinhood thereafter moved for reconsideration and represented, among other things, that circumstances had changed because Robinhood had partnered with ForecastEx, a CFTC-registered designated contract market, to facilitate customers' orders in sports-related event contracts listed and executed on ForecastEx's designated contract market. On January 8, 2026, the Court granted Robinhood's motion for reconsideration, and the case was reopened. ECF No. 86.

6. On January 20, 2026, Robinhood filed its amended complaint and a renewed motion for preliminary injunction. ECF Nos. 88–89.

7. **Non-Enforcement Commitment as to the Attorney General.** The Attorney General shall not file or maintain any civil or criminal enforcement action against Robinhood based on (a) Robinhood's facilitation of Massachusetts customers' orders in sports-related event contracts listed and executed on Kalshi's designated contract market, and/or (b) Robinhood's offering of sports-related event contracts listed and executed on ForecastEx's designated contract market until after the following conditions are met:

> (1) the Superior Court enters an injunction on the pending motion for preliminary injunction in the Kalshi enforcement proceedings;
>
> (2) if such injunction is stayed, the stay is lifted;
>
> (3) the Massachusetts appellate courts render an opinion on the injunction;[1] and
>
> (4) this Court reaches a decision on the pending motion for preliminary injunction in this action.[2]

It is the Attorney General's belief that this sequencing promotes judicial economy, avoids inconsistent rulings, and allows resolution of predicate legal issues (including federal subject matter jurisdiction and the scope of any preemption under the Commodity Exchange Act) already being litigated in the Kalshi enforcement proceedings before any enforcement decisions concerning Robinhood.

---

[1] For clarity, if the Massachusetts Supreme Judicial Court ("SJC") hears Kalshi's appeal in the first instance on direct appellate review, this condition is met when the SJC issues its opinion. If the Appeals Court hears the case in the first instance, this condition is met (1) when the time for seeking further appellate review under Mass. R. App. P. 27.1 expires, if Kalshi does not seek further appellate review, or (2) when the SJC denies further appellate review or issues its opinion, if Kalshi seeks further appellate review.

[2] For clarity, a decision on the pending motion for preliminary injunction in this action includes denial as moot or dismissal of the action.

8.    **Reservation if Resolution Is Delayed Beyond 18 Months**.  If the conditions in Paragraph 7 have not been resolved within eighteen (18) months of the date of filing of this Stipulation, the Attorney General reserves the right to withdraw this Stipulation upon thirty (30) days' written notice to Robinhood following a reasonable meet-and-confer.

9.    **Non-Enforcement Commitment as to the Massachusetts Gaming Commission.**  The Massachusetts Gaming Commission shall not file or maintain any civil or criminal enforcement action against Robinhood unless and until Robinhood obtains a sports wagering license pursuant to Mass. Gen. L. c. 23N.  In addition, the Massachusetts Gaming Commission shall not make a request under G.L. c. 23N, § 4(g) for the Attorney General to bring any enforcement action against Robinhood until after the conditions in Paragraph 7 are met, subject to the same reservations in Paragraph 8.

10.    **Scope / No Waiver**.  This Stipulation addresses only the conduct described in Paragraph 7.  It does not restrict action concerning other conduct, entities, statutes, or regulations.  Nothing herein constitutes a concession on the merits or a waiver of any defenses.

11.    This stipulation supersedes the stipulation made in this matter by the Attorney General and Massachusetts Gaming Commission dated September 26, 2025, ECF No. 29.

Respectfully submitted,

        ANDREA JOY CAMPBELL
        MASSACHUSETTS ATTORNEY GENERAL

        COMMISSIONER JORDAN MAYNARD
        COMMISSIONER EILEEN O'BRIEN
        COMMISSIONER BRADFORD R. HILL
        COMMISSIONER NAKISHA SKINNER
        COMMISSIONER PAUL BRODEUR
        MASSACHUSETTS GAMING COMMISSION

Dated: February 6, 2026        By: */s/ Joshua R. Edlin*
        Alda Chan, BBO # 705204
        Louisa E. Castrucci, BBO # 692208
        Joshua R. Edlin, BBO # 715110
        Jared Rinehimer, BBO # 684701
        M. Patrick Moore, BBO # 670323
        Assistant Attorneys General
        One Ashburton Place
        Boston, Massachusetts 02108

        617-963-2525 / alda.chan@mass.gov
        617-963-2848 / louisa.castrucci@mass.gov
        617-963-2905 / joshua.edlin@mass.gov
        617-963-2594 / jared.rinehimer@mass.gov
        617-963-7491 / pat.moore@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system on February 6, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Joshua R. Edlin*
Joshua R. Edlin
